# LYMAN CHAPIN

*v.*

# JULIA H. BILLINGS.

1. CONSTITUTIONAL LAW—*impairing obligation of contract.* A change in the law, giving a more speedy remedy to enforce a party's contract or covenant to surrender possession of land, does not impair the obligation of the contract.

2. Thus, where a party, in his deed of trust, covenanted with the trustees to give immediate possession to the purchaser in case of a default and sale, and after the execution of the trust deed the law relating to forcible entry and detainer was changed, extending that remedy to sales under deeds of trust, it was *held*, that forcible detainer would lie against him under such law, upon his refusal to give possession on a sale.

3. FORCIBLE DETAINER—*when it lies.* Where a party, in giving a trust deed, acknowledges himself the tenant of the trustee, and covenants that if he fails to surrender immediate possession to the purchaser in case of a sale under the power therein, an action of forcible detainer may be employed to dispossess him, the action will lie against him upon the happening of the contingency, independent of the statute extending the remedy to sales under powers in mortgages and deeds of trust.

4. SAME—*sale under trust deed before debt is all due.* In forcible detainer for land sold under a power in a deed of trust, where the sale has been made be-

fore the principal sum was due, for default in the payment of interest notes, under a provision that upon default in the payment of any such notes the payee might treat the entire debt as due, and require the trustee to sell, the plaintiff, who is the purchaser, is not bound to prove, independent of the recitals in the trustee's deed to him, that there had been a default in paying the interest, and that the holder of the notes had elected to treat the principal as due, and require the trustee to make the sale.

5. SAME—*usury in the debt secured by the trust deed—remedy.* The grantor in a deed of trust which authorizes a sale on the non-payment of interest, for the entire debt, can not show, in an action of forcible detainer against him by the purchaser, that there was no interest due, on account of usury in the transaction. The purchaser's title can not be questioned for such cause in this action, and the grantor's remedy, if any, is in a court of equity.

6. TRUST DEED—*remedy on sale when nothing is due.* If a sale is made under a power in a deed of trust when nothing is due, there being no power to sell, if the title passes the grantee will be held a trustee for the debtor; but that can not be inquired into in an action at law.

APPEAL from the Circuit Court of Morgan county ; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM H. BARNES, Mr. ISAAC J. KETCHAM, and Mr. CHARLES A. BARNES, for the appellant.

Messrs. BROWN, KIRBY & RUSSELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 1st day of July, 1871, Lyman Chapin procured a loan of $30,000 from Julia H. Billings, E. I. Chaffee, and Hinsdale Smith, executors of J. M. Billings, deceased, and, to secure the same, Chapin gave to the executors a note for the principal sum, due in ten years from that date. He also gave them twenty other notes, for $1500 each, for the interest falling due, semi-annually, on the sum loaned. One of these notes fell due every successive six months from the date of the principal note, the last maturing ten years from that date. The loan, by the terms of the contract, drew ten per cent interest per annum.

At the time of executing these notes, Chapin and wife executed a trust deed to Wm. D. Saunders, Edward P. Kirby,

and Jonathan B. Turner, on 827 acres of land in Morgan county, in this State, as a further security for the loan. This deed of trust contained a power authorizing the trustees to sell the lands to pay the principal and accrued interest, in case default in payment should be made of principal or interest; and in case of failure to pay any one of the interest notes at maturity, it authorized the payees to elect to declare the principal debt due, and on doing so the trustees were authorized and empowered to give the notice specified in the deed, and sell the property, pay the costs, the debt and accrued interest, and pay the surplus, if any, to Chapin.

It is claimed, and the deed from the trustees to Julia H. Billings recites, that Chapin made default in paying the interest note falling due July 1, 1876; that the executors thereupon elected to declare the debt due, and required the trustees to sell the property and pay the principal and accrued interest; that the trustees thereupon gave the required notice, and on the 11th day of November following, at the time, place, and upon the terms required by the deed of trust and notice, sold the property, and Julia H. Billings became the purchaser, she being the highest and best bidder therefor, having bid the sum of $30,000, and the trustees conveyed to her the lands described in the trust deed, for that sum.

The trust deed contained a clause that dispensed with personal notice to Chapin of the election of the payees to declare the principal sum due, and stipulated that all recitals that might be contained in any deed that might be made on a sale by the trustees, setting forth the fact of due notice of advertisement and sale of the property, should be considered and taken as *prima facie* evidence of all matters and facts set forth in such recitals, and that such deed or deeds should be effectual to pass the title.

Chapin and wife released all claim to a homestead in the premises. Chapin, also, by the deed, attorned to the trustees as their tenant. He also covenanted that he would, on the sale of the property, surrender immediate and peaceable pos-

session to the purchaser, or, on default thereof, the purchaser might immediately proceed against him, etc., for a wrongful detainer, according to the statute in such case made and provided, without further notice to quit.

On the 5th day of February, 1877, Julia H. Billings, by her attorney in fact, filed a complaint in forcible detainer against Chapin, to recover the land thus purchased by her at the trustees' sale. A summons was issued and served, and a trial had before the justice of the peace before whom the action was brought, resulting in a judgment, from which an appeal was prosecuted to the circuit court of Morgan county. A trial was had therein, by the court and a jury, when a verdict was found against the defendant, and the court, after overruling a motion for a new trial, rendered judgment on the verdict, and defendant appeals to this court, and urges a reversal.

It is claimed that the provision of the second section of the Forcible Entry and Detainer act, (Rev. Stat. 1874, p. 535,) which gives this action to the purchaser under a power of sale in a mortgage or trust deed, is unconstitutional. The provision is this: "Where a sale is made by virtue of any sale made under any power of sale in any mortgage or deed of trust contained, * * * and the party to such * * * deed of trust refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent," an action of forcible detainer may be maintained.

It is said that because this provision was adopted after the deed of trust was executed, it so far changes the remedy as to impair the obligation of the contract. Appellant, by the stipulation in his deed, bound himself to give immediate possession to the purchaser. He, therefore, contracted that the purchaser should, on the sale, be let into possession at once, and without delay; and even if the statute gives a more speedy remedy than existed when the deed was executed, still it was not as speedy as his contract and covenant provided for, and the action could not dispossess him as soon as his covenant bound him to surrender possession. We are, therefore, wholly

unable to conceive how it impairs any contract. It only operated to give the purchaser a more speedy means of enforcing the contract. On the sale being made, by his contract appellant's right to possession ceased. He thereby lost all right to use and enjoy the property, and good faith and fair dealing required him to surrender the possession, in fullfilment of his covenant. It is not perceived in what respect he has any reason to complain, as the law only compels him to do what he should have done without its coercive power. There is no force in this position.

Again, appellant acknowledged himself the tenant of the trustees, and covenanted that if he failed to surrender immediate possession to the purchaser, an action of forcible detainer might be employed to dispossess him. Under this acknowledgment and covenant that he was a tenant of the trustees, the action lies when there was a breach of the covenant, so that in any view that can be taken of the case the action lies.

It is next urged, that under this deed of trust appellee could not recover without proving by evidence independent of the deed from the trustees, that there had been a default in paying the interest, and the holders of the notes had elected to treat the principal as due, and had required the trustees to make the sale,—in other words, to prove that all things necessary to confer power to sell, before the debt became due, had been performed, before the deed could be read in evidence, to show appellee had become entitled to possession of the land.

In the case of *Reese* v. *Allen,* 5 Gilm. 236, it was held, that the sale by a trustee passed the legal title to the purchaser, and that a court of law would not inquire whether the trustee had complied with the conditions in the trust deed. If there were irregularities or fraud which should avoid the conveyance, the remedy was in equity and not at law.

Again, in *Graham* v. *Anderson,* 42 Ill. 517, it was held, that where a conveyance by a trust deed recited an indebtedness, the presumption of indebtedness continued until rebutted by proof of payment. And in that case the doctrine of *Reese*

*v. Allen, supra,* was again announced, that the sale by a trustee passed the legal title, and, in ejectment, a wrongful sale by the trustee could not be urged to defeat a recovery,—that in such a case the remedy was in equity.

The same doctrine was announced in the case of *Dawson* v. *Hayden,* 67 Ill. 52; and in the case of *Rice* v. *Brown,* 77 id. 549, the same rule was reiterated. And we had, in view of these several cases, running through our reports for thirty years, unshaken by any decision of this court, supposed that it would have been accepted as settled doctrine, and appellant has suggested nothing in argument that presents the slightest doubt of the correctness of the rule. In the last case above referred to it was held, that the action of forcible detainer would lie in a case similar to this, under the second section of the act, nor has appellant urged any thing that raises any doubt that the General Assembly has full power to adopt such a provision. The grantor in a trust deed has no vested or other right to hold the land after the trustee sells and conveys. If he holds after that time, it is as a wrongdoer, and is like any other tenant holding over wrongfully after his term has expired, and the statute only compels him to surrender possession illegally held by him.

It is also urged that the court erred in not permitting appellant to prove that the contract was tainted with usury, and that the payees had forfeited all of the interest, and that the principal was not due by the terms of the note, and, the interest being forfeited, there was nothing due, and, consequently, no power to sell and cut off appellant's rights, and the sale being unauthorized, conferred no title. If all that is claimed was conceded, still, in forcible entry and detainer the title can not be questioned, and under the cases referred to that question could not be raised on a trial at law, and the remedy, if any, is in equity. If nothing was due there was no power to sell, and if the title passed, the grantee would be held a trustee for the debtor; but we can not look into that question in this

case.   The court below, therefore, decided correctly in reject-
ing the evidence.

Perceiving no error in this record, the judgment of the cir-
cuit court is affirmed.

*Judgment affirmed.*