GEORGE N. ARCHIBALD *et al.*

*v.*

MARTHA SOPHIA BANKS *et al.*

*Opinion filed June 16, 1903.*

EVIDENCE—*burden is on mortgagor to prove payments.* In a proceeding to foreclose a trust deed, the burden is upon the defendant to prove alleged payments by him not credited upon the note.

*Archibald* v. *Banks,* 107 Ill. App. 97, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

D. J. AVERY, and C. P. ABBEY, for appellants.

H. M. MATTHEWS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought in the circuit court of Cook county by bill in equity to foreclose a trust deed dated February 1, 1888, executed by appellants, George N. Archibald and Delilah C. Archibald, his wife, to Nathan M. Freer, trustee, to secure a note of that date for $7828.52, made by said George N. Archibald, payable February 1,

1893, to James N. Banks, with interest at six per cent, payable semi-annually, and eight per cent after maturity. James N. Banks and Nathan M. Freer were the original complainants, but both died during the pendency of the suit, and the appellees, their personal representatives and heirs, were substituted as complainants. There was a decree of foreclosure for $11,637.08, together with costs and $100 solicitors' fees, and the Appellate Court for the First District affirmed the decree.

The answer of George N. Archibald alleged that the note and trust deed were given to take up a previous trust deed executed to secure his notes given to Banks; that the sole consideration for the note secured by the trust deed sought to be foreclosed was said previous indebtedness; that there was no accounting of the amount due at the time the second trust deed was executed; that the said defendant objected to the amount claimed, and Banks agreed that upon a settlement he would give credit upon the note for any errors that the defendant might find in the calculation; that the amount of $7828.52 was not then owing to Banks; that the notes secured by the first trust deed exceeded the amount due, when they were made, by $400, and as to that sum the consideration of said notes failed; that said defendant had made payments, from time to time, upon the notes secured by said first trust deed, and that the balance due when the second trust deed was made was but $1927.30, and as to the excess over that amount the note for $7828.52 was without consideration.    The defendant Delilah C. Archibald, by her answer, adopted the answer of her co-defendant. Replications having been filed, the cause was referred to a master in chancery, who took the evidence and reported that there was due on the note secured by the trust deed $11,637.08, and that complainants were entitled to the further sum of $100 as solicitors' fees. Exceptions to the report were overruled by the court, and the decree was entered in accordance with it.

The notes secured by the former trust deed, dated March 13, 1874, amounted to $5500, and on the hearing before the master, Archibald testified that he had paid $400 on the debt April 10, 1873, and $100 on November 1, 1873, and that when said notes were made he owed but $5000. He also testified to various payments not credited on said notes, alleged to have been made at the following dates: September 28, 1874, $550; December 28, 1874, $300; March 5, 1875, $418; May 5, 1875, $147, and May 20, 1876, $200. The master found against all these claims and alleged payments, and it is insisted that they ought to have been allowed. The only direct evidence on the subject was the testimony of George N. Archibald and James N. Banks, and they flatly contradicted each other. Banks, in his testimony, admitted receiving the $400 on April 10, 1873, but said it was a loan which was re-paid, and he denied that the $100 payment was made. He also admitted receiving the $550, but claimed that it was given to him to take up a note made by Snyder & Lee, which he had received from Archibald and which he was compelled to take up. The alleged payment of $300 December 28, 1874, was a note made by Archibald, which he claimed to have paid. Banks admitted the receipt of the note, but testified that it was accommodation paper, and that he took it up at maturity and returned it to Archibald. The payment claimed on January 4, 1875, of $418, was a second note of Snyder & Lee, which Archibald said went to protest and he took it up. Banks denied the receipt of the note. Archibald claimed to have given Banks, as payment, a note dated May 5, 1875, for $147, which he afterward paid. Banks testified that the note was in part payment of interest due May 1, 1875, the balance of which was paid in currency and the interest credited. The payment of May 20, 1876, of $200, alleged by Archibald, was a note, which Banks admitted that he received but testified that it was for interest and duly credited.

The bill was filed August 16, 1900, and the testimony was taken in 1901, many years after the transactions took place. It is only natural that the recollections of the witnesses should be somewhat uncertain, and there is no other evidence, except the testimony of said witnesses, which is at all conclusive upon any of the controverted questions. It appears that when the trust deed was executed Archibald made some objection to the amount, and a few days afterward, as a result of some investigations made by him, the following was endorsed upon the principal note: "$290.46.—Rec'd on the within note Feb. 1, 1888, two hundred and ninety 46-100 dollars. This endorsement is made to correct the amount due on the within note by reason of what appears by a former note between the parties of $1500, due Nov. 1, 1874, to be an over-payment of $141, which, with interest thereon at 8% for 13 yrs. and 3 mos. makes this amt." One of the notes secured by the previous trust deed was also endorsed with a memorandum, showing that the error had been rectified by endorsing the over-payment, with interest, on the note of February 1, 1888. Archibald had paid interest on the notes secured by the previous trust deed without any protest that the whole amount of $5500 was not due. He made no claim for the long term of years that the whole amount of the note secured by the trust deed sought to be foreclosed was not owing to Banks, and while there are some circumstances tending in some degree to corroborate his testimony, we think the circumstances, on the whole, tend to corroborate the testimony of Banks in contradiction of the credits and payments alleged. The burden was upon Archibald to prove the payments, and we are unable to say, from the examination of the evidence, that the conclusion of the circuit court was not correct.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*