(115 App. Div. 211)

## FEIST v. BLOCK.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. VENDOR AND PURCHASER—CONTRACT—EXISTING LIENS—ASSUMPTION.

Where a contract for the sale of land provided that title should be taken subject to an existing mortgage, and that the vendee should execute a second mortgage, the vendee was chargeable with notice of the terms of the existing mortgage as disclosed by the record thereon, and was not entitled to refuse performance because it contained a clause binding the mortgagor to pay any taxes subsequently assessed on the mortgage by virtue of a change in the tax laws of the state, provided that such taxes and interest did not exceed legal interest, otherwise that the mortgage debt should immediately mature.

2. SAME—SECOND MORTGAGE—EXECUTION—CLAUSES.

Where a contract for the sale of real estate provided that the vendee should execute a second mortgage to secure a part of the price which should contain "all usual clauses in second mortgages," the vendee was not required to sign a mortgage containing an unusual clause binding him to pay taxes which might subsequently be assessed on the mortgage, apart from the land, by a change in the laws of the state, provided the amount and interest on the debt should not exceed, legal interest, otherwise that the mortgage debt should immediately mature.

3. SAME—TENDER OF PERFORMANCE—WAIVER.

Where a contract for the sale of land provided that the vendee should execute a second mortgage for part of the price which should be drawn by the vendors' attorneys at the expense of the vendee, and the vendee refusing to. execute the mortgage so drawn containing a clause binding the vendee to pay taxes which might be subsequently assessed on the mortgage, the vendors' attorneys refused to accept any other mortgage, the vendee was not bound to tender a mortgage eliminating such clause as a condition of his right to refuse to complete the sale and recover the earnest money.

4. SPECIFIC PERFORMANCE—OFFER TO PERFORM—TIME.

Where, in a suit for specific performance of a land contract, the vendor made no offer in his complaint to accept the mortgage in accordance with the contract in the place of a mortgage containing an objectionable clause which the vendee had refused to execute on the vendor's demand, the vendor's offer at the trial to accept the mortgage eliminating such clause was too late.

Appeal from Special Term, New York County.

Suit by Max Feist against Louis Block for specific performance of a contract to convey land. From a judgment dismissing the complaint, and in favor of defendant for a recovery of the earnest money, with interest, and for the expenses of examining the title, and for costs, plaintiff appeals. Affirmed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Maxwell Slade, for appellant.
Jacob Schiff, for respondent.

LAUGHLIN, J. The contract was executed on the 25th day of February, 1905. The purchase price of the premises was $32,000, and the contract provided that $2,000 should be paid on signing the contract; that title should be taken subject to an existing mortgage for

$22,000; that the vendee should execute to the vendor at the time of re-. ceiving the conveyance a bond and second mortgage on the premises to secure the payment of $4,000, and interest thereon at 6 per cent., "on or before the 1st day of May, 1906, or before on 30 days' written notice of intention so to pay off," and the balance of $4,000 in cash at the time of closing the contract. The only representation concerning the existing mortgage contained in the contract was that it would be "due on or before May 1, 1906, with interest of 5 per cent. per annum." On examining the record, it was discovered that the existing mortgage, subject to which the conveyance was to be taken, contained a clause affecting the amount of the lien thereof and the time of payment, as follows, to wit:

"That if at any time or times before said bond is paid, any law or laws be enacted in the state of New York, reducing the taxable value of land by deducting therefrom any lien thereon, or changing the laws in relation to taxes on debts secured by mortgages, or the manner of collecting such taxes, the party of the first part agrees to pay to the party of the second part in addition to the interest provided for in said bond, a sum equal to the tax or burden imposed by said law or laws on the holder thereof within 10 days after said tax is made payable, unless the amount of said tax added to the amount of interest provided for in said bond exceed legal interest. If the amount of said tax and the interests aforesaid exceed legal interest, then said bond and this mortgage shall become due and payable at the expiration of 30 days after the enactment of any such law or laws. The additional amount which may under the foregoing provisions become due and payable shall be deemed interest, and, in the event of default in the payment thereof, shall be part of the indebtedness secured by said bond and this mortgage, and all the provisions therein in reference to default in payment of interest shall apply thereto."

Among other objections against taking title interposed by the vendee was one on account of this clause in the existing mortgage. The trial court held, doubtless upon the theory that the clause was not usual or customary, that the objection was good. On this point the decision was erroneous. The rule is well settled that as to incumbrances of record specified in the contract, the vendee is chargeable with notice of all that the record shows, and may only rely upon the contract therefore to the extent that it contained express representations concerning the provisions of the incumbrances. Feltenstein v. Ernst et al., 97 N. Y. Supp. 376, affirmed 98 N. Y. Supp. 1101; Acer v. Westcott, 46 N. Y. 384, 7 Am. Rep. 355; Baker v. Bliss, 39 N. Y. 70; Cambridge v. Delano, 48 N. Y. 326; McPherson v. Rollins, 107 N. Y. 316, 14 N. E. 411, 1 Am. St. Rep. 826; Blanck v. Sadlier, 153 N. Y. 551, 47 N. E. 920, 40 L. R. A. 666; Moot v. Business Men's Investment Ass'n, 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666. This rule, however, does not apply to an agreement or mortgage to be executed. With respect to the purchase-money bond and mortgage to be executed by the vendee, the contract provided that it should contain "all usual clauses in second mortgages," and further provided as follows:

"Above second bond and mortgage for $4,000 to be drawn by the attorneys at the expense for drawing and recording of the party of the second part."

The attorneys for the vendor prepared the bond and second mortgage, and inserted therein a clause with respect to the effect thereon

of subsequent legislation similar in all respects to that contained in the first mortgage. The vendee declined to execute the bond and mortgage, upon the ground that such a clause was not usually contained in second mortgages; and the trial court sustained this objection, and also made it the basis of the decision.

We are of opinion that this objection was well taken. It was shown by the testimony of an attorney who was an experienced conveyancer, and it is manifest, that this was an unusual provision for a second mortgage. The parties had not contracted for it, and therefore the vendee was not obliged to accept it. The learned counsel for the appellant contends, however, that even though the vendee was under no obligation, owing to this objectionable clause, to execute the bond and mortgage tendered by the vendor, yet it was the duty of the vendee, as a condition precedent to his right to recover the down payment and expenses of examining the title, to execute and tender a bond and mortgage in accordance with the contract. Ordinarily, that would be the duty of the vendee. Here, however, it is evident that the parties contemplated by the agreement that the attorneys for the vendor should draw the paper, and that the vendee should pay therefor; but it is not necessary that we should decide whether that alone would relieve the vendee from executing and tendering a proper bond and mortgage. The evidence shows that the parties and their attorneys met on the 25th day of April, 1905, at the hour and place specified in the contract for consummating it. The attorney for the vendor tendered a deed of the premises and the bond and mortgage for execution by the vendee. The attorney for the vendee testified, and his evidence is not controverted, that he thereupon stated that he "refused to take title with any such tax provision as is contained in said second or purchase-money mortgage, and he told me that I would take the mortgage as he had drawn it or not take it at all." The vendor demanded the execution of a bond and mortgage and the balance of the purchase price. The vendee stated that he was ready to pay the balance of the purchase price, $2,500, by a certified check, which he presented and delivered for inspection, and the balance in cash, which he exhibited. Neither party receded from his position, and the negotiations, therefore, terminated. The attorney for the vendor, having drawn the bond and mortgage, and having stated in the presence of his client, in effect, that he would accept no other bond or mortgage, the vendee was relieved of any obligation resting upon him to tender a bond and mortgage without the objectionable tax clause. It is evident, in view of recent legislation, that it is not improbable that the vendee would be prejudiced by accepting the clause. The precise question has recently received extended consideration by this court in Oppenheim v. McGovern (decided Oct. 19, 1906) 100 N. Y. Supp. 712, and needs no further discussion.

Upon the trial, the vendor for the first time offered to accept a bond and mortgage without the clause to which objection had been raised. He made no such offer in the complaint. The case was tried on the 13th of February, 1906, nearly 10 months after the time fixed by the contract for performance. In the absence of an offer in the complaint

to accept without the objectionable clause, there was no issue present-
ing the question as to whether the situation had not changed to the
prejudice of the vendee in the meantime. It is manifest that the
offer was made too late.

The judgment is therefore right, and it should be affirmed, with
costs. All concur.