860          103 NEW YORK SUPPLEMENT ·
                   and 137 New York State Reporter          (Sup. Ct.

(119 App. Div. 47)

## SCHNITZER v. BERNSTEIN.

(Supreme Court, Appellate Division, Second Department.   April 19, 1907.)

VENDOR AND PURCHASER—CONTRACT—INCUMBRANCES—IMPLIED KNOWLEDGE—
    RECORDS.

> A contract for the sale of land recited that one parcel thereof was sub-
> ject to two mortgages, which were described therein.   The mortgages,
> which were recorded, in addition to the usual conditions, each stipulated
> that, if at any time a law should be enacted imposing a tax on mortgages,
> such tax should be paid by the mortgagor or then owner of the land with-
> in 10 days after the enactment of the law, and in default of payment, or
> in the event the amount of the tax and interest should exceed the legal
> rate of interest, or in the event the payment of the tax by the mortgagor
> or owner of the land should be prohibited by law, the entire sum of the
> mortgage should become due and payable 30 days after the enactment of
> the law.   Held, that the vendee, having notice of the mortgages, was
> chargeable with notice of the conditions thereof, and could not avoid
> his purchase because he did not have actual knowledge that the mortgages
> contained other than the usual conditions.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Pur-
> chaser, §§ 480, 517.]

Appeal from Special Term, Kings County.

Action by Leopold Schnitzer against Morris Bernstein.   From a
judgment for defendant, plaintiff appeals.   Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Isidor Wasservogel (Abraham I. Spiro, on the brief), for appellant.
Edward W. S. Johnston, for respondent.

RICH, J.   The only question here presented is whether the ap-
pellant's assignor was justified in refusing to accept title to certain
real property in the city of New York and further to perform the re-
quirements of a contract for the purchase thereof.   There is no sub-
stantial dispute upon material facts.   The agreement referred to cov-
ered two parcels of property, and recited that one parcel—

"is subject to the following mortgages: $4,500 bearing interest at 5 per cent.
per annum, payable semiannually, principal being due February, 1905, and a
second mortgage of $3,250 bearing interest at 6 per cent. per annum payable
semiannually, principal being due on or before one and one-half years from
February 27, 1905."

There is no proof or claim of deceit or fraud having been exercised,
but it appears that both of said mortgages contained a clause, not
recited or referred to in the contract, providing—

"that if at any time a law shall be enacted in the state of New York imposing
a tax on mortgages * * * the amount of such taxes shall be paid by the
mortgagor or then owner of said land within ten (10) days after the enactment
of such law, and in default of such payment, or in the event the amount of
such taxes and interest shall exceed the legal rate of interest, or in the event
the payment of such taxes by the mortgagor or owner of the land shall be pro-
hibited by law, * * * the entire principal sum of said mortgages shall be-
come due and payable thirty, (30) days after the enactment of such law."

A deed conforming to the provisions of the contract was tendered
plaintiff's assignor on the day agreed on for passing title, which he
refused to accept, or to further perform the contract, upon the ground

that said mortgages contained the clause above recited; that at the time of making said agreement it was understood and contemplated by and between the parties that said mortgages contained such clauses only as are usually inserted in mortgages; that such clauses are not usually inserted in second mortgages on lands in the city and county of New York, and were therefore unusual, burdensome, and not in accordance with the agreement. Several other grounds were stated at the time of the refusal, all of which were waived upon the trial. The plaintiff, as assignee, brought this action to recover the sum of $2,800 which had been paid to the defendant at the time of the execution of said agreement. The learned trial justice found as matter of law that the objections made by the plaintiff's assignor were without substance and not well taken; that the title of the defendant, at the time the agreement was made and at the time the deed was tendered by him and performance demanded, was good and marketable; and dismissed the complaint upon the merits.

The rule is stated in Feist v. Block, 115 App. Div. 211, 100 N. Y. Supp. 843, to be that as to incumbrances of record, specified in the contract, the vendee is chargeable with notice of all that the record shows, and may only rely upon the contract to the extent that it contains express representations concerning the provisions of the incumbrances, citing in support of such rule Feltenstein v. Ernst, 49 Misc. Rep. 262, 97 N. Y. Supp. 376, affirmed 113 App. Div. 903, 98 N. Y. Supp. 1101; Acer v. Westcott, 46 N. Y. 384, 7 Am. Rep. 355; Baker v. Bliss, 39 N. Y. 70; Cambridge Valley Bank v. Delano, 48 N. Y. 326; McPherson v. Rollins, 107 N. Y. 316, 14 N. E. 411, 1 Am. St. Rep. 826; Blanck v. Sadlier, 153 N. Y. 551, 47 N. E. 920, 40 L. R. A. 666; Moot v. Business Men's Investment Ass'n, 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666. In Feist v. Block, and Feltenstein v. Ernst, supra, the same question was presented as in the case at bar, and there is no material difference between the facts involved. In the latter case Mr. Justice Scott states the rule as follows:

"The general rule respecting the purchase of land subject to incumbrances is that, if the purchaser has notice of the existence of the incumbrance and its general nature, he is chargeable with knowledge of the contents, terms, and conditions thereof, and cannot avoid his purchase, no deceit or fraud having been exercised, because he did not acquaint himself with the particular terms of the incumbrance, and finds them to be different from what he supposed. * * * All that the seller is required to do is to correctly describe the incumbrance, so far as he attempts to describe it at all. If he does this, and tenders a deed subject to a mortgage answering the description in the contract, he has fulfilled his obligation."

The judgment must be affirmed, with costs. All concur.