SOHNS v. BEAVIS et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

AUCTIONS AND AUCTIONEERS (§ 8*)—CONTRACTS—INCUMBRANCES—LIABILITY OF PURCHASER.

The rule that, if the purchaser of land subject to incumbrances had notice of their existence and general nature, he is chargeable with knowledge of the terms and conditions thereof, and cannot avoid his purchase because he did not find out their details, applies to sales by contract, which are generally entered into with more deliberation than purchases at auction; and where a purchaser of land at auction had called upon the auctioneer before the sale and received a description, which stated that the property was to be sold with restrictions against nuisances, but did not mention restrictions as to buildings, he was justified in bidding upon the assumption that there were no restrictions as to buildings; and when he found, after having made a part payment and when signing the terms of sale, that a provision for restrictions against buildings had been interlined with a pen in the printed form, he was entitled to a reasonable opportunity to ascertain what the restrictions were, and it appearing that they prohibited the erection of houses less than two stories high, or with a flat roof, or costing less than $2,500, or tenement houses, or stores, he could refuse to complete the purchase, and recover the payment made, with a moderate counsel fee, if incurred in ascertaining what the restrictions were.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Dec. Dig. § 8.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by F. William Sohns against Frank S. Beavis and another. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward R. Koch, for appellant.
H. B. Bradbury, for respondents.

SCOTT, J. The plaintiff appeals from a judgment dismissing his complaint. The action is to recover back moneys paid upon a purchase of real estate at auction.

The property was advertised for sale by the defendant Kennelly, an auctioneer. There were a number of lots to be sold, and a few days before the sale plaintiff procured from the auctioneer a map and description of the property. This paper, although read in evidence, is not printed in the record; but it is testified to that it stated that the property was restricted against nuisances, but contained no statement as to any other restrictions. Late in the afternoon plaintiff bid upon and bought two lots. He gave the auctioneer his check for 10 per cent. of his bid and the auctioneer's fees, and signed the terms of sale. He then discovered for the first time that the terms of sale stated that the property was sold "with restrictions as to buildings and against nuisances"; these words being interlined with a pen in a printed form. Up to this time, as he testified, he had no knowledge or no-

tice that there were any restrictions as to buildings. The auctioneer's clerk says that he read the terms of sale containing a statement as to these restrictions, but plaintiff says he did not hear this.

Plaintiff thereupon employed a lawyer to ascertain what the restrictions were, and found that they prohibited the erection of any house less than two stories in height or costing less than $2,500, or any house known as a tenement, or any house with a flat roof, or any stores for the sale of merchandise. All buildings were required to stand back at least 20 feet from the street line, and all stables or outbuildings must stand back 60 feet, and no fence or hedge should be more than 4 feet in height, and then must be of a kind approved by the Brokers' Realty & Security Company, a former owner of the property. There was the usual covenant against nuisances. It was provided that the foregoing covenants should run with the land until January 1, 1920, when they should cease and determine; but there was a clause by which any or all of the covenants (including that against nuisances) might be annulled at any time by written agreement between the Brokers' Realty & Security Company, its successors or assigns, and the owner of any of the lots, without the consent of the owner of any other lot. Upon discovering the nature of the restrictions, plaintiff refused to complete the purchase and brought this action.

His complaint has been dismissed upon authority of Schnitzer v. Bernstein, 119 App. Div. 47, 103 N. Y. Supp. 860, which is one of several cases sustaining the following rule:

"The general rule respecting the purchase of land subject to incumbrances is that, if the purchaser has notice of the existence of the incumbrance and its general nature, he is chargeable with knowledge of the contents, terms, and conditions thereof, and cannot avoid his purchase, no deceit or fraud having been exercised, because he did not acquaint himself with the particular terms of the incumbrance, and finds them to be different from what he supposed." Feist v. Block, 115 App. Div. 211, 100 N. Y. Supp. 843; Feltenstein v. Ernst, 49 Misc. Rep. 262, 97 N. Y. Supp. 376, affirmed 113 App. Div. 903, 98 N. Y. Supp. 1101.

All these were cases of sales by contract, which as a rule are entered into much more deliberately than are purchases in an auction room. Even if plaintiff was advised before he signed the terms of sale that there were restrictions as to buildings, he had neither time nor opportunity to learn what these restrictions were. He was called upon at once, and in complete ignorance as to the character of the restrictions, either to take the property blindly, or to lose the benefit of his bargain. We do not consider that the rule laid down in the cases above cited should apply to such a case. Having called upon the auctioneer before the sale, and received a description which made no reference to any restrictions as to buildings, the plaintiff was justified in bidding upon the assumption that there were no such restrictions. When he found that there were, he was entitled to a reasonable opportunity to ascertain what the restrictions were.

Nor is it entirely clear that the statement that the property would be sold subject to restrictions as to nuisances was not misleading. The advantage to a purchaser of real estate from a covenant against nuisances is not that his own property is restricted, but that his neighbor's property is. The covenant in the present case gave no assurance

to a purchaser that he would be protected against nuisances on neighboring or adjacent land, because under the terms of the covenant such lands might, against his will, be released from the covenant at any time. We think that under the circumstances plaintiff was under no obligation to complete the sale and is entitled to recover back the money he paid; his other damages being limited to a moderate counsel fee, if he paid one or incurred an obligation to pay it, sufficient to cover the cost of ascertaining what the restrictions upon the property were.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, LAUGHLIN, and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion. The terms of sale were read before the lots were offered for sale, and that constituted the memorandum of sale by which the plaintiff was bound. The terms of sale as read, provided that the parcels should be conveyed "with restrictions as to buildings and against nuisances." After the plaintiff had signed the memorandum of sale, but before he had paid the amount then required, he knew that the lots had been sold subject to the restrictions of which he now complains. Plaintiff's witness Schillinger, who was also a purchaser at the sale, testified:

"I knew about the restrictions as to nuisances, but I did not know anything about the restrictions as to dwellings, so I objected. * * * While I was talking Mr. Sohns stepped up, and he made objections of the same kind, and Mr. Kennelly, the auctioneer, after arguing with the clerk, said: 'Well, if you are not satisfied with the bargain, we will give you your money back.' That is what he said."

There is no dispute about the fact, as the testimony of the witness just quoted shows, that the plaintiff was offered a return of the money which he paid, and which he declined to accept. Under such circumstances, I do not think he was entitled to maintain this action. Such refusal, in my judgment, estopped him from thereafter claiming a return of his money. Feist v. Block, 115 App. Div. 211, 100 N. Y. Supp. 843; Feltenstein v. Ernst, 49 Misc. Rep. 262, 97 N. Y. Supp. 376, affirmed 113 App. Div. 903, 98 N. Y. Supp. 1101, which was approved and followed in Schnitzer v. Bernstein, 119 App. Div. 47, 103 N. Y. Supp. 860. In the case last cited the court said:

"The general rule respecting the purchase of land subject to incumbrances is that, if the purchaser has notice of the existence of the incumbrance and its general nature, he is chargeable with knowledge of the contents, terms, and conditions thereof, and cannot avoid his purchase, no deceit or fraud having been exercised, because he did not acquaint himself with the particular terms of the incumbrance, and finds them to be different from what he supposed. * * * All that the seller is required to do is to correctly describe the incumbrance, so far as he attempts to describe it at all. If he does this, * * * he has fulfilled his obligation."

I am of the opinion the judgment should be affirmed, with costs.