(136 App. Div. 844.)

### BAUCHER v. STEWART et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. VENDOR AND PURCHASER (§ 134*)—INCUMBRANCES OF RECORD SPECIFIED IN CONTRACT.

As to incumbrances of record specified in a contract for sale of land, the purchaser is chargeable with notice of all that the record shows, and may only rely upon the contract to the extent that it contains express representations concerning the provisions of the incumbrances.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 250, 252; Dec. Dig. § 134.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. 2. VENDOR AND PURCHASER (§ 134*)—INCUMBRANCES OF RECORD SPECIFIED IN
   CONTRACT.
   Where a contract for sale of premises correctly described a mortgage
   thereon of record, which the purchaser assumed, with no assurance as to
   particular clauses therein, except those which were mentioned in the con-
   tract, the purchasers could not refuse to take title because the mortgage
   contained some unusual covenants; but, having contracted to purchase, in
   the absence of fraud, they took the property at their own risk, including
   the mortgage.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §
   253; Dec. Dig. § 134.*]

Appeal from Special Term, Kings County.

Action by Concetta Baucher against Joseph Stewart and another.
Judgment for plaintiff, and defendants appeal. Reversed, and new
trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR,
JENKS, and THOMAS, JJ.

H. D. Merchant (Alfred D. Olena, on the brief), for appellants.
James C. Danzilo, for respondent.

WOODWARD, J.  On or about the 31st day of March, 1909, the
defendants, as owners in fee of certain real property, entered into a
written contract with one Peter Corigliano, in which the defendants
agreed to sell the premises to the latter for a consideration of $9,250.
Five hundred dollars of the amount was paid upon the signing of the
contract, and Corigliano was to take the premises subject to a mort-
gage for $5,000, "due August, 1911, with interest at the rate of 5½
per cent. per annum, payable semiannually." The defendants further
agreed to take a mortgage for the balance, the sum of $2,500, by the
purchaser, or his assigns, executing and delivering a bond, secured by
a purchase-money mortgage for the amount, due on or before three
years, interest at 6 per cent. per annum, payable semiannually. The
plaintiff came into possession of this contract by virtue of an assign-
ment of the same by Corigliano, and this action is brought to recover
the original payment of $500; the plaintiff having refused to take title
on the ground that the title offered was not merchantable.

While the learned court before whom the case was tried refused to
find certain facts, the evidence is wholly undisputed that at the time
the contract above referred to was entered into there was a mortgage
for $5,000 upon the premises involved, payable August, 1911, at 5½
per cent. interest, this mortgage having been recorded on the 12th day
of August, 1908, and that the plaintiff and her assignor had been told
of this particular mortgage at the time the bargain was made, and
again at the time the contract was drawn up and signed, and that
there was no other mortgage on the premises. It would be absurd,
therefore, to hold that the mortgage referred to in the contract was any
other mortgage than the one which was on record at the time the
contract was entered into. The case is thus brought within the rule
laid down in Feist v. Block, 115 App. Div. 211, 213, 100 N. Y. Supp.
843, that as to incumbrances of record specified in the contract, the

vendee is chargeable with notice of all that the record shows, and may only rely upon the contract, therefore, to the extent that it contained express representations concerning the provisions of the incumbrances. Schnitzer v. Bernstein, 119 App. Div. 47, 48, 103 N. Y. Supp. 860, and authorities there cited.

In the case now under consideration the plaintiff refused to accept title because of some unusual covenants contained in the recorded mortgage, and the case of Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862, is cited as authority sustaining the conclusion of the court at Special Term that the recorded mortgage was not such a mortgage as was referred to in the contract, and that the plaintiff was entitled to recover in this action. We do not so understand the case. It merely distinguishes the facts in that case showing that it is governed by the general rule. The court distinctly points out that:

"According to the contract, the existing mortgages, which were to remain upon the premises, contained the 'usual clauses,' and this specific mention impliedly excludes unusual clauses."

That is, the contract having, under the maxim that the express mention of one thing excludes those not mentioned (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168, 79 Am. St. Rep. 565) stated that there were no unusual clauses in the mortgage, the purchaser had a right to rely upon this expressed condition of the contract without looking to the recorded instrument. But no such condition exists here. The mortgage was correctly described for identification. The attention of the plaintiff and her assignor was called to the particular mortgage, with no assurances that it contained the usual or any other particular clauses, except those which were mentioned in the contract, and as to these there is no question. They knew that the purchase was made subject to a mortgage then on record, and if they were not familiar with the terms of the mortgage it was their own fault. They were given notice of the particular mortgage, and it was as much their duty to know the contents of such mortgage as it was for them to know the condition of the property they were buying. In the absence of fraud, the purchaser takes the property at his own risk; and this applies as much to the mortgage which he agreed to assume as to any other condition of the sale.

The judgment appealed from should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.