SAMUEL RABINOVITZ ET AL. *vs.* LOUIS MARCUS ET AL.

First Judicial District, Hartford, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Rulings of the trial court relative to evidence, should be set out in appellant's request for a finding, as required by statute (§ 5826) and rule (Pr. Bk., p. 307, § 6); and such an omission is not cured because the entire evidence is printed for the purpose of securing a correction of the finding.

As between a prospective purchaser of mortgaged property and its owner, the recitals in a mortgage defeasance are prima facie evidence of the amount of the incumbrances upon the property and of the date of maturity of the notes therein described. Accordingly, certified copies of such mortgage or mortgages are admissible in evidence to show that the aggregate amount of the mortgage indebtedness substantially exceeded that which such purchaser had agreed to assume and pay as a part of the purchase price, and also that the notes to be assumed by him matured at earlier dates than those specified in his contract; thus justifying him in refusing to take the property and in suing to recover the amount deposited as earnest money, together with such incidental expenses as he had incurred in preparation to carry out his agreement.

The defendants claimed that the representations made were true as far as they went, and that as to any facts concerning the mortgage notes not included in the representations, the burden was upon the plaintiffs to make inquiry pursuant to the doctrine of *caveat emptor*. *Held* that even if such a rule of law existed—a point not decided—the defendants had not brought themselves within its terms, since their representations were not true as far as they went.

The contract to purchase made no mention of the existence of a clause in the mortgages wherein the mortgagor agreed to pay all taxes assessed against the holders of the notes upon the sums loaned. *Held* that in the absence of any evidence that such a tax-assumption clause was usual in the locality, it could not be said that the failure to refer to it in the contract was unintentional and innocent upon the part of the defendants.

The defendants contended that the cause of action set forth was for a breach of contract for which the only damages recoverable would be the difference between the contract price and the market value of the property on the day of sale. *Held* that the allegations were adequate for a recovery upon the ground of a rescission of the contract, upon which basis the judgment was properly rendered.

Argued October 3d—decided December 13th, 1923.

ACTION to recover damages for an alleged breach of contract to sell and convey certain real estate to the plaintiffs upon the terms stated in their written agreement, brought to and tried by the Superior Court in Hartford County, *Brown, J.;* facts found and judgment rendered for the plaintiffs for $745, and appeal by the defendants. *No error.*

The parties to this action on April 27th, 1920, entered into a written contract, whereby the defendants agreed to sell and the plaintiffs agreed to purchase seven parcels of land with buildings thereon in the city of Hartford for $76,500. Plaintiffs were to assume, as part of the purchase price, certain first mortgages on the various properties aggregating $30,000, and certain second mortgages aggregating $28,175. The remainder of the purchase price was to be paid partly in cash and partly by promissory notes to be given by plaintiffs to defendants, which were to be secured by third mortgages in varying amounts upon the tracts conveyed. Payment of $500 in cash was made at the time of execution of the agreement. There is no question in the case regarding the amount due or to become due upon the first mortgages, nor as to their terms. The controversy is concerned with the amount actually due and to grow due upon the second mortgages, and with certain claimed variances between their terms as set out in the agreement of sale, or, as it is called in the record, the bond for a deed, and the actual terms of said mortgages as they appear of record.

On May 27th, 1920, the day set by the agreement of sale, the second mortgages on record on the various tracts aggregated $500 more than their total specified in the agreement, and were payable in instalments covering a period of time less than that specified therein, as both the plaintiffs and defendants then knew, and each of the seven tracts which the defendants by the

terms of their agreement were to convey, was assessed for taxation for less than the total first and second mortgages of record against it at that time. On the date for the performance of the agreement, plaintiffs and defendants, by their attorneys, mutually agreed to waive the formalities of tender, both of the deeds and of the purchase money, and after the plaintiffs, by their attorney, had told the defendants and their attorney that the title of record differed from that provided for in the agreement in the particulars above set forth, and the defendants' attorney had stated that the land records disclosed the true situation. Plaintiffs at that time demanded the return of the sum of $500 paid by them to the defendants, which demand the defendants refused.

Plaintiffs expended or incurred obligations to the extent of $150 for legal services in connection with the searching of the titles of the seven pieces of property which were to be conveyed, and the preparation of the papers necessary to consummate the transaction. The defendants introduced no evidence.

The trial court further found that defendants were not able, on or before May 27th, 1920, to convey the premises according to the terms of their agreement, by reason of the facts appearing above, and also because each of the second mortgages contained in its condition a promise to pay the amount of the note "together with all lawful taxes levied on said amount against the holder thereof." Regarding the question of acceleration of payments of the second mortgage debts, the trial judge in his memorandum of decision, made part of the finding, summarizes his conclusion as follows: "A comparison of the terms of the contract as to the payment of the instalments on the second mortgages, with those of the mortgages themselves, discloses not only a different total called for, but that

by the latter the instalment payments must begin within less than three months instead of the six months provided in the former, and that some of the subsequent and ultimate payments are even more materially accelerated."

A comparison of the conditions of the various mortgages, copies of which are part of the appeal record, with the recital of the same in the agreement of sale, also an exhibit in the record, was found by the trial court to support the conclusion just quoted. The plaintiffs claimed that these variations between the terms of agreement and the terms of the conditions were material and justified a refusal to take title on their part; the defendants denied this, and claimed, as regards these mortgages, a substantial performance of the agreement.

As proof of damages, plaintiffs offered testimony to show the value of the property agreed to be conveyed, to which objection was made, and an exception taken to the admission of the same by the trial court. The testimony disclosed a less value than the purchase price named in the agreement, and the subject was not pursued by further offers of testimony.

The court found that the agreement of sale had been broken, and rendered judgment for $650 and interest, amounting in all to $745.55, and covering the items of $500 earnest money not repaid, and $150 expenses of examination of title and preparation of papers. From this judgment defendants appealed, assigning various errors in the action of the trial court; and also moved to correct its finding of facts. Such assignments of error as were pursued in argument and brief will be referred to in the opinion, which also contains further facts.

*Samuel Rosenthal*, with whom, on the brief, was *Morris Blumer*, for the appellants (defendants).

*Saul Berman,* with whom, on the brief, was *Moses Berman,* for the appellees (plaintiffs).

KEELER, J. Three of the errors claimed by the defendants relate to the admission of the seven second mortgages upon the various properties, and more particularly the defeasance conditions of the mortgages to prove the total amount of incumbrance existing upon these properties. The ruling of the court upon this evidence is not set out in defendants' request for a finding, in accordance with General Statutes, § 5826, and Practice Book, p. 307, § 6. It is true that there is in this case a transcript of the entire evidence given on the trial, placed in the record as bearing upon the correction of certain paragraphs of the finding of the trial court, but this does not satisfy the requirement of the statute and rule. *Leahy* v. *Cheney,* 90 Conn. 611, 617, 98 Atl. 132; *Friedler* v. *Hekeler,* 96 Conn. 29, 34, 112 Atl. 651; *Wladyka* v. *Waterbury,* 98 Conn. 305, 308, 119 Atl. 149, and numerous other cases. As, however, this evidence, consisting of copies of the second mortgages, exhibits in the case, came in at the trial without objection, as showing how the record as to the various transactions appeared, and the objection of the defendants was urged only against the validity of the evidence as proving the amount of the existing incumbrances, and as the defendants claim that the facts appearing from these mortgages do not justify the ultimate facts found by the court as to the total amount of the incumbrance and the variance of the provisions in the defeasances of the mortgages from the attempted recital of the same, and for this reason claim a correction of several paragraphs of the finding, we shall, with some hesitation, consider the points raised by the contention of the defendants in this regard.

In respect to the question presented, when the same

is presented evidentially, we are to inquire whether the facts recited in the defeasance of a mortgage are admissible to prove the amount of incumbrance upon the mortgaged property. Looked at from the point of view of evidence already in the case for one purpose, the question is presented whether this evidence, that is, the facts it tends to prove, can be legimately applied to establish the amount of existing incumbrances. The questions of admissibility and application are logically and practically the same.

It would seem that upon principle the contents of the mortgage deeds were clearly admissible as prima facie evidence of the amounts due thereon. The defendants had in the agreement of sale referred to each of these mortgages and described their several terms, and by the terms of the agreement the same were to be assumed by the plaintiffs at an aggregate amount stated in the contract, and in accordance with their terms as to amounts and times of payment therein stated. If and when assumed, had the contract been carried out, the plaintiffs would have been obliged to pay the amounts called for by the several instruments and at the time therein provided. When they had once assumed such payment, they could in no way be questioned by them. "One who has assumed the payment of a mortgage can not contest the validity of it, or show that the amount assumed by him is not due upon it." 2 Jones on Mortgages (7th Ed.) § 744, p. 156. This is familiar law. An examination of these mortgages as appearing of record is made by these plaintiffs, and they find that the aggregate amount of the same is larger than the amount named in the contract, and also that the terms and times of payment differ from those set forth in the contract. If such a state of facts existed, the plaintiffs were clearly entitled to refuse to perform this contract of purchase. If they

Rabinovitz *v.* Marcus.

took the property they were bound by the record of these mortgages, and clearly they have the right to show exactly what appeared of record by production of certified copies, as by statute provided. If defendants had desired to show that the real indebtedness was that named in the contract rather than what appeared from the record, the burden was on them to do so. *Archibald* v. *Banks*, 203 Ill. 380, 67 N. E. 791. The defendants were the makers of the notes secured by the mortgages, and how much had been paid thereon was peculiarly within their knowledge.

If the plaintiffs had owned one of these mortgages and were foreclosing it they would be obliged to prove the amount due; but except in a controversy between the holder of the mortgage and the owner of the mortgaged property, the recitals of the mortgage are prima facie evidence of the facts therein stated, and nonpayment is presumed. *Givens v. Davenport*, 8 Tex. 451; *Graham* v. *Anderson*, 42 Ill. 514; *Chapin* v. *Billings*, 91 Ill. 539, 543; 19 R. C. L. pp. 538, 539, par. 343; 27 Cyc. p. 1615, par. (c), 1617, 1618. It therefore would appear that the evidence admitted was adapted to the issues, and that the subordinate facts established thereby were sufficient to establish the conclusions as to amount due on the mortgages, and the times and manner of payment as found by the court. This being the case, the corrections of the finding asked for, in the way of striking out certain paragraphs thereof, cannot be made, as these paragraphs were not found without evidence.

Defendants claim that even upon the facts found the contract was substantially performed, since the variation between the facts stated in the contract and those appearing from the record are slight and inconsequential. We cannot so hold, since it is clear that in addition to the sum of $500 extra incumbrance, there has been an acceleration of several months in the

due days of some of the mortgages, and a liability for a considerable payment of taxes in certain contingencies depending on the amount at which the mortgaged properties are assessed for taxation.  Under Public Acts of 1919, Chapter 90 (General Statutes, § 1167), all excess in the amount of a mortgage above the assessed value of the mortgaged real estate is assessed to the lender, and the several mortgage notes secured by the second mortgages each have a provision whereby the maker agrees to pay the amount of the notes "together with all lawful taxes levied on said amount against the holder thereof."  That the possibility of such a burden in addition to the amount of the notes and interest thereon is not speculative or imaginary, is shown by the finding of the court that each of the seven mortgaged tracts was at the date of the contract assessed for taxation for less that the total of the first and second mortgages thereon.  This finding is made in paragraph nine of the finding which the defendants ask to have stricken out.  It is sustained by uncontradicted evidence coming in without objection, whereby it appears that the total assessment on the seven properties in October, 1920, was $46,800, while the mortgages to be assumed amounted to a total of $57,175, a difference of $10,375, on which the owners of the equity in the mortgaged realty would have to pay taxes on account of the provision above quoted.

Defendants further claim that the court erred in finding any actual misrepresentation in the facts as set forth in the contract of sale, in that the representations were true as far as they went, and that as to any facts which might appear concerning the purport of the mortgage notes not included in the representations, the burden was upon the plaintiffs to make inquiry and the doctrine of *caveat emptor* applies, "unless these clauses tend to vary the terms as described in the

agreement." The case principally relied on by defendants is that of *Feltenstein* v. *Ernst,* 97 N. Y. Supp. 376, followed and approved in *Feist* v. *Block,* 115 N. Y. App. Div. 211, 100 N. Y. Supp. 843, and in *Baucher* v. *Stewart,* 136 N. Y. App. Div. 844, 122 N. Y. Supp. 202, also cited by defendants. In the case first cited, the court held that "all the seller is required to do is to correctly describe the incumbrance so far as he attempts to describe it at all. If he does this and tenders a deed subject to a mortgage answering the description in the contract, he has fulfilled his obligation. . . . Undoubtedly the purchaser was entitled to rely upon the description of the mortgage in so far as the seller undertook to incorporate it in the contract, and if the amount has been found to be larger or the interest higher, or the due day earlier, a very different question would have been presented." To bring the defendants within the scope of these decisions, it must appear that the description of the mortgages as appears from the contract must be correct so far as it goes. This defendants do not accomplish, for the trial court has expressly found that the aggregate of the debts disclosed by the mortgages exceeds that stated in the contract by the sum of $500, and also that the notes were not payable as described in the contract as regards the period of time for which they were to run and the instalments and amounts which were payable. Consequently the incumbrances were not correctly described so far as the attempt was made, and do not come within the ruling of the case cited, but rather fall within the terms later expressed by the court in that case, in that the amount of the debt is found to be larger, and some of the due dates earlier. So without passing upon the correctness of the rule laid down in the New York cases, we fail to see that defendants have brought their case within the rule.

The trial court further finds that plaintiffs had ground for nonperformance of the contract in that no mention was made in the contract of the tax clause appearing in the mortgage notes, and that this failure so to do constituted a material misrepresentation. Now if, as a matter of fact, it is the custom throughout the State, or in the vicinity of Hartford, to incorporate what is known as the tax clause in all mortgage notes, then such a clause might well have been in the minds of the plaintiffs when bargaining, and perhaps if they took no means, by inquiry of defendants or otherwise, to ascertain this fact as regards the mortgages in question, it is a fair assumption that they took for granted, or should have taken for granted, that the mortgage notes contained such a clause, and that they now cannot fairly claim that the omission to refer to it in the contract constituted a misrepresentation. The plaintiffs could have shown by proper evidence that such a clause was unusual in the locality of the contract, or the defendants might have introduced testimony to prove that it was usual in the State and in the vicinity. This was not done, and without a finding of fact in this regard, the record fails to give a basis, on which we may found a consideration of this feature of the case.

Another error assigned by the defendants relates to the rule of damages applied by the court. As we have seen, the court awarded damages covering the deposit of earnest money and the expenses incurred by plaintiffs in the examination of title and preparation of papers. This signifies that the plaintiffs claimed a breach of contract on the part of the defendants and that the former had chosen, therefore, to rescind the contract on account of the breach. The complaint is sufficient and adequate for such action by the trial court, as well as the facts by it found. The proper rule of damages was applied. 3 Sedgwick on Damages

(9th Ed.) §§ 1012a, 1017; 17 Corpus Juris, 800, § 126 (b). The reason of appeal by which defendants raise this question is that the proper rule of damages was the difference between the market value of the property to be sold and the contract price on day of sale, and this reason is supported in the brief by a claim that plaintiffs had elected to sue for damages for breach of contract. There is nothing in the finding of facts on which to base such a claim and it cannot be considered. What really occurred in this respect is shown in the transcript of the testimony, but that cannot be considered for want of a proper presentation of the case in the finding.

In addition to certain claimed corrections of the finding heretofore considered, there are several others which are the subject of error claimed by defendants. There is nothing in the evidence to warrant any change in the particulars mentioned.

There is no error.

In this opinion the other judges concurred.