OTTO KAFKA, Respondent, v. EDMONDO GERLI, Appellant.— Judgment reversed upon the law and the facts, and complaint dismissed, with costs. We are of opinion that the third, fifth and seventh findings of fact are not supported by the evidence and must be reversed. The trial court specifically found, at the request of appellant, that the question as to the size of the lots into which the property mentioned in the complaint could be subdivided for building purposes first came up between the parties in the month of August, 1926; that there was no deceit or fraud practiced by defendant, and that on the 16th of August, 1926, " defendant duly tendered to plaintiff a deed to said property, executed, by defendant and his wife, in accordance with the terms of said contract and demanded performance by plaintiff of said agreement, as modified; and that at said time and place plaintiff refused to perform said agreement and demanded the return of

---

* See Code of Ordinances of City of New York, chap. 24, § 15.

† Affd., 248 N. Y. 64.

the sum of $1,500 theretofore paid by him." These findings, inconsistent with the third, fifth and seventh findings, made at the request of appellant, are supported by the evidence and were properly made. We are further of opinion that under the " subject clause " of the contract the " one hundred feet restriction " was a limitation of the " use of the  *   *   * premises " to (or for) " residential purposes," subject to which respondent was obliged to take title, and that, in the absence of any express representation that the restrictive covenants contained in the recorded deeds, specifically mentioned and referred to in the contract, did not restrict the number of buildings which might be erected upon a plot of a particular size, respondent was chargeable with notice of the limitation contained in the covenants and restrictions in those deeds. (*Schnitzer* v. *Bernstein*, 119 App. Div. 47; *Feltenstein* v. *Ernst*, 49 Misc. 262; affd., 113 App. Div. 903; *Blanck* v. *Sadlier*, 153 N. Y. 551; *Moot* v. *Business Men's Investment Assn.*, 157 id. 201.) New findings consistent with this determination will be made. Rich, Young, Kapper and Hagarty, JJ., concur; Lazansky, P. J., dissents, being of opinion that the use by the parties of the words " so far as they limit the use of the above described premises to residential purposes " indicates an intent to exclude all restrictions except use for residential purposes. Even if this construction be not warranted, there should be a new trial on the question of misrepresentation. There is some proof sustaining plaintiff's contention in this respect and, therefore, the complaint should not have been dismissed by this court but a new trial ordered on the ground that the determination was against the weight of the evidence. Settle order on notice.