ABRAHAM B. BEISER *v.* GUY F. EVERED ET AL.

COURT OF COMMON PLEAS FAIRFIELD COUNTY FILE NO. 65077

Memorandum filed July 19, 1957.

*Charles Weingarten,* of Bridgeport, for the plaintiff.

*Charles F. Spear,* of Westport, for the defendants.

FITZGERALD, J. Without laboring a factual discussion, it is found that the subject of the following representation contained in the contract to buy and sell certain real estate in Westport, Connecticut, executed by the parties on August 17, 1955, was not true: "The Seller [defendants] represents that during his [their] occupancy of the above described premises the cellar, walls and roof of the dwelling house have been dry to the extent that they have never been covered with water, dampness excluded." It is further found that the plaintiff relied upon this representation. To correct the physical situation would require extensive work and the outlay of considerable money.

The only question which remains for decision is that pertaining to provable damages. Prior to the commencement of suit the defendants caused to be returned to the plaintiff the sum of $7950 held in escrow by their attorney pending the transfer of title to the property. After suit was instituted by service of process on October 10, 1955, the defendant husband on the following day issued his check to the plaintiff in the sum of $3500 in repayment of the deposit made by the plaintiff upon the execution of the contract on August 17, 1955. Title to the property was never accepted by the plaintiff. This aspect gives rise to a rule of damages different in nature than would have been the situation had title to the property passed to the plaintiff.

The applicable rule of damages is deemed to be that stated in *Rabinovitz* v. *Marcus,* 100 Conn. 86, 95, cited in McCormick, Damages, p. 695 n.58; see also the text discussion on that page. Such is restricted to the recovery of deposit and expenses incurred by the plaintiff at bar in the examination of title to the real estate and to the preparation of papers in connection therewith. As already noted, the items of $7950 and $3500, representing deposits, have already been refunded by the defendants.

The following items only can be awarded to the plaintiff as allowable items of permissible recovery under the rule stated: Cost of engineer, $75; cost of survey and plot, $42.50; Attorneys Plotnick and Plotnick ($75) and Attorneys Webb and Gall ($125) de preparation of papers regarding search of title and the arrangement of mortgage loan, $200. All other items appearing in the plaintiff's specific statement are disallowed.

The court does not understand why there should be a claimed mortgage penalty of $240 or why Attorney Weingarten has an item listed in his favor of $250. His charge for services in connection with

this suit, if such relates to that aspect, is not an allowable item of recovery. Clearly, any and all charges which may have been incurred by the plaintiff for moving and storage of furniture cannot be assessed against the defendants on any theory. And the same is equally true regarding matters of alleged inconvenience.

The short answer to the counterclaim of the defendant is that there was no evidence presented regarding reasonable rental value of the house during the time the plaintiff was permitted to have possession. This is important in view of the absence of an express agreement between the parties relating thereto.

While the issues are found for the plaintiff to the extent indicated, recovery of damages is limited to the sum of $317.50 ($75 plus $42.50 plus $200) as noted. Judgment may so enter.