ISAAC L. TROWBRIDGE *vs.* THE JEFFERSON AUTO COMPANY.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A valid contract can be abrogated or modified only with the consent of both parties.

An unequivocal refusal to perform a contract unless the other party, who is not in default, will consent to a modification of its terms, is a breach for which damages are recoverable.

Such a repudiation excuses the other party from making a tender, and authorizes him to treat the agreement as rescinded and to sue in damages.

The defendant sold and agreed to deliver a new automobile to the plaintiff for $1,295, and credited him with $400 for his old car which it received. Later it refused to deliver the new car unless the plain-

tiff would accept $250 for the old one, which he declined to do. *Held:—*

1. That the defendant's refusal was without justification, and that under the circumstances the plaintiff was excused from tendering the balance of the purchase price before rescinding the contract and suing for damages.

2. That inasmuch as the controlling issue upon the trial was whether the defendant had broken its contract, the fact that the plaintiff might have bought a car from a relative of his and saved payment of the commission, was not a relevant or material subject of inquiry, and the exclusion of a question upon the plaintiff's cross-examination, directed to that end, was not a sufficient reason to interfere with a judgment for the plaintiff.

Argued April 9th—decided May 28th, 1918.

ACTION to recover damages for an alleged breach of contract to deliver an automobile, brought to and tried by the District Court of Waterbury, *Makepeace, Deputy-Judge;* facts found and judgment rendered for the plaintiff for $419, and appeal by the defendant. *No error.*

This action was brought to recover damages from the defendant for its failure to deliver an automobile according to the terms of a written contract entered into between the parties, a copy of which was made a part of the plaintiff's complaint. This agreement was dated January 11th, 1916, and signed by the parties. The essential portion of the agreement is as follows:— "Jefferson Auto Company:

"You are hereby authorized to enter my order for one Paige model 6–46 Fairfield with standard factory equipment, for which I agree to pay the sum of twelve hundred and ninety-five dollars ($1,295) F. O. B. factory. I agree to deliver my Interstate touring car at once as part payment, valued at four hundred dollars ($400), as initial payment that this order may take effect immediately.

"I agree to pay the balance, together with freight and charges for extras, when notified that car is ready,

for delivery. Notice may be sent by mail to the address given below.

"The initial payment shall be forfeited as liquidated damages if subsequent payment is not made within two days of notice that the car is ready for delivery.

"Payment of the above initial payment and balance of final payment, together with freight and cost of extras, entitles me to the Paige car scheduled for delivery from the factory, on or about February 1, 1916, subject to any delays from causes beyond the control of the Jefferson Auto Company. It is understood that this car is sold under the warranty of the factory, as published by them.

"I hereby agree that your liability for failure to deliver within a reasonable time is hereby limited to the return of the initial payment hereby paid.

"It is expressly agreed in the event this order is cancelled because of your inability to deliver, any second-hand car which may have been taken in exchange in part payment of purchase price and sold by the Jefferson Auto Company, previous to such cancellation, shall be accounted for by it at the price sold, less cost of handling, and not at the price which may have been allowed for same in exchange. . . .

I. L. Trowbridge, Purchaser.

Price of car.................$1,295.00
Price of extras:
Freight......................    47.00
                              _____
                              $1,342.00
Initial payment by old car.....   400.00
                              _____
       Balance due...........  $942.00

"Order and initial payment received this 11th day of January, 1916.

"Jefferson Auto Company, Per E. E. Guilbert,
Salesman."

The plaintiff's complaint alleges that he was ready and willing to perform his part of the agreement, and a breach of it by the defendant in failing to deliver the Paige car mentioned in the contract, although it had the ownership of the plaintiff's car since the contract was made, January 11th, 1916, and although the plaintiff had demanded payment for his car.

The answer admitted the execution of the contract and denied all the other allegations of the plaintiff's complaint.

The defendant also filed a counterclaim in which it averred that the plaintiff's car was not in the same condition when it was delivered to it as it was when the contract was made; that on February 12th, 1916, it tendered to the plaintiff the car described in the contract which was sold to him, but the plaintiff refused to take it and pay for the same.

The trial court found all the issues for the plaintiff, and rendered judgment that he recover the price of his car as agreed upon in the written contract.

The special finding of facts shows that on February 16th, 1916, the defendant's manager called the plaintiff on the telephone and notified him that the Interstate car for which he was allowed $400 was only worth $250, and that unless he would agree to this allowance the defendant would not carry out the contract, and that the plaintiff was to come and get his old Interstate car. The plaintiff declined to discuss the matter over the telephone and advised the defendant's manager to write him a letter. In reply to this, the defendant wrote to the plaintiff, advising him that it would not allow but $250 on his Interstate car; that unless the plaintiff would take the Paige car with such allowance, the defendant would call the deal entirely off and hold the Interstate car at the plaintiff's disposal.

*John J. O'Neill*, for the appellant (defendant).

*Clayton L. Klein*, for the appellee (plaintiff).

RORABACK, J. The pleadings and finding show that the defendant has not only broken its contract, but has refused to go on further with it unless the plaintiff would consent to a very material reduction of the contract price that he was to receive for his old car. It is a familiar principle of law that a valid contract cannot be abrogated or modified unless both parties assent, and if one of the parties, when the other is not in default, manifests in unequivocal language his intention not to perform the contract unless it is modified, he breaches the contract, and is liable therefor.

As we have seen, the complaint alleges the execution and delivery of the contract. This contract contains a description of both cars and the prices agreed upon for them. It also contains a statement that the initial payment of $400, agreed upon as the price of the plaintiff's car, had been received by the defendant at the time of the execution of the contract. This the defendant, by reason of its answer, concedes to be true. Thus it appears by the admitted facts that it was incumbent upon the defendant to notify the plaintiff when its car was ready for delivery. By the terms of the contract the plaintiff was then to be allowed two days within which to make payment of the balance due as the exchange price of the cars. But it appears that no such notice was given, and that the defendant absolutely refused to perform its contract unless the plaintiff would agree to take $250 for his old car. If read in the light of what has gone before, this was such a repudiation of its agreement by the defendant that it not only excused the plaintiff from making a tender, but also authorized the plaintiff to rescind

the contract upon his part and bring an action for his damages.

But it is suggested by the defendant that it does not appear that the plaintiff was ready and willing to perform his part. It does appear, however, that the plaintiff, when this notification was given to him by the defendant, had delivered his car and that the defendant had examined and accepted it for the sum of $400 in part payment for the new car. The plaintiff was personally bound by his contract to pay the balance then unpaid, and the proper way for the defendant to have tested the willingness of the plaintiff to pay was to have tendered performance upon its part in conformity with the terms of the contract. This it failed to do. In this connection it may be noticed that upon the trial the defendant claimed that on January 12th, 1916, when the Interstate car was left at its place at Waterbury, it was not in the same condition as when the allowance of $400 in exchange was fixed, and as the plaintiff admitted some damage, for which he agreed to pay, it was the duty of the plaintiff to get together with the defendant and adjust the amount of damage if possible. The court properly overruled this claim. It is not found, neither does it appear, that any such change in the plaintiff's car took place; and further than this, it is not shown that the defendant ever made any such claim to the plaintiff before it absolutely refused to perform its contract unless the plaintiff would consent to a very material change in the price agreed upon for his car. Upon this point the defendant has moved to correct the finding, so that it would sustain the defendant's claim just noticed as to the change in the condition of the plaintiff's car. The record discloses that the question as to the change of the condition of the plaintiff's car was raised by the defendant in its counterclaim. The averments of the defendant's counterclaim upon

this branch of the case were denied by the plaintiff, and under the issue thus presented the defendant assumed the burden of proof to establish this proposition. This it failed to do. An examination of the evidence which the defendant has caused to be certified by the court below upon this subject, when read in connection with the finding, falls far short of establishing the defendant's contention in this respect. It necessarily follows that this motion to correct should be denied.

Upon his cross-examination the plaintiff was asked whether his son-in-law, a man by the name of Lindsley, had an arrangement with the Bradford Auto Company for a special agency for Paige cars of the same make as the one now in question. On objection this question was excluded. It does not appear that this question was answered, although the defendant claimed that the purpose of asking it was to show that the plaintiff did not want to carry out his contract, and that his motive in taking this position was that after making the agreement with the defendant he made another arrangement for a car with his son-in-law so that he could save the agent's commission in the purchase price of a car. The controlling issue in the trial of the case in the court below was whether the defendant had broken its contract by refusing to deliver its car unless the plaintiff would consent to accept a reduced price for his automobile. This question depended upon the written contract between the parties and the action of the defendant shown in its letter, in which it absolutely refused to perform on its part unless the plaintiff would consent to a very material modification of the terms of the written contract. This, as we have already stated, was for unjustifiable reasons. If the plaintiff had a son-in-law engaged in the sale of automobiles, and it appeared that Trowbridge could have saved the agent's commission by making a purchase of this relative, this

fact would not, under the circumstances of the present case, have justified the defendant in its refusal to perform upon its part. This ruling is therefore insufficient to warrant an interference with the judgment.

There is no error.

In this opinion the other judges concurred.