M. STAVNEZER ET AL. *vs.* HARRY L. COOLEY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided August 2d, 1932.

*Bernard F. Gaffney,* with whom, on the brief, was *Leo V. Gaffney,* for the appellant (defendant).

*William M. Greenstein,* for the appellees (plaintiffs).

HAINES, J. The plaintiffs and the Lincoln Realty Company executed a written contract for the sale to the former of a tract of land in New Britain, for $1250, $250 being paid that Company at the time the agreement was signed, and the succeeding payments to be at the rate of $15 monthly. The undertaking of the Company as stated in the second paragraph of the agreement was as follows: "Second: That upon making the last of said payments, said party of the first part or his assigns, shall deliver to the party of the second part, a good and sufficient deed of said parcel, duly acknowledged, subject to the following restrictions, viz.: That no building shall be erected or constructed upon said granted premises, except one single house for one family to cost not less than $3500, or a two-family house not less than $5000, and said houses shall be placed and set back not less than fifteen feet from the street line; provided that steps, windows and porticos and other projections appurtenant thereto are allowed to be in said space." The land in question was described as consisting of four lots, Nos. 256, 257, 286 and 287. The tract was rectangular in shape, all lots being of the same size and contiguous, two of twenty-five feet each fronting east on Oneida Street and two fronting west on Tunxis Street, the entire tract extending for two hundred and fifty-seven and four tenths feet from street to street.

It is clear that the tract was sold as a single tract, though it was made up of these numbered lots; the price was a lump price for the entire tract; the payments were made for the tract as a whole, and the deed was to be one deed for the whole tract. Indeed, the defendant subsequently tendered a deed wherein he referred to the land as "that certain parcel of land." The contract was made October 15th, 1923, and the plaintiffs made the payments called for in the agreement until February 18th, 1924, on which day the Company conveyed the property to the present defendant Cooley, and thereafter the plaintiffs made the payments to Cooley until about September 15th, 1931. On this date the plaintiffs still owed $25 on the purchase price, and were then able and willing to pay it, though they made no legal tender of the amount. On that day Cooley tendered them a deed of the property which the plaintiffs refused to accept for the reason that the tract was encumbered by a right of way for a sewer, which Cooley had conveyed to the city of New Britain; this right of way extending seven and one half feet on each side of the southern line of the tract for its whole length from one street to the other. The plaintiffs claimed the deed which was tendered did not comply with the terms of the bond, and no other being tendered, they claimed their obligation under the contract was terminated, and brought this action for the recovery of the money they had paid thereunder. The trial court sustained their claim and accordingly gave judgment for $1940.44, being the amount of those payments with interest.

The record contains a slip subsequently inserted as part of the draft-finding, making the claim that the appellant cannot be legally required to repay to the plaintiffs the $310 paid by them to the Realty Company, and a second claim that the allegations of

the complaint do not permit judgment for this sum. The finding lists three claims of law as made by the appellant and says they are the only written claims made. The record does not show that the claims in question were made orally with a request that the court take note of them, as permitted by § 150, p. 276, Practice Book. Under these circumstances, and as no proceedings to correct the finding in this respect were taken, we are concluded by the finding as it stands, and these questions do not fall within the scope of this appeal.

The appellant further contends that since two of these lots did not include any of the strip of land over which the right of way had been granted, the money paid on these should not be included in the judgment for damages. In the first place, no money is shown to have been paid on these lots as such, and in the second place, the contract as above indicated was for the purchase of the entire tract as a unit. That it happens to contain four lots, cannot affect the right of the plaintiffs to insist that the grant of sewer rights on part of it was a breach of the agreement to transfer the whole tract to them unencumbered save for the restrictions stipulated.

The appellant further urges that the balance of $25 due on the contract not having been tendered by the plaintiffs, they cannot now recover their money. By his tender of a deed, the appellant in effect waived this claim by recognizing the plaintiffs' right to a deed of the property and he is not now in a position to deny that right.

The appellant makes the further claim that the deed which he tendered, and which did not protect the plaintiffs from the right of way, was yet a substantial compliance with the bond for a deed because the encumbrance was so slight as to be negligible. This

claim does not specifically appear in the assignments of error, and it is extremely doubtful whether it is involved indirectly in any of the assignments made. In any event it is sufficient to say that while under some circumstances it may be held in a court of equity, as stated in Page on Contracts, Vol. 5, § 2785, that a relatively unimportant encumbrance is insufficient to permit the purchaser to rescind a contract by which he was to receive the property free of encumbrance as the contract is held to be substantially performed, the present encumbrance is not one which could fairly be held to be of that class. If we accept the claim of the appellant as a fact though not found, that the value of the tract was reduced less than $40 by the sewer right, the further fact must be noted that the deed tendered imposed upon the plaintiffs an obligation to pay certain city assessments of an unknown amount. By the conveyance to the city of an interest in this tract of land, the appellant had voluntarily put it out of his power to furnish the plaintiffs the deed called for by the bond. The plaintiffs were not obliged to accept this deed, and they were excused also from tendering full performance on their own part as a condition of their right to recover the money they had paid. *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 Atl. 552; *LeWitt* v. *Park Ecclesiastical Society,* 103 Conn. 285, 302, 130 Atl. 387; *Rabinovitz* v. *Marcus,* 100 Conn. 86, 95, 123 Atl. 21; 13 Corpus Juris, pp. 614, 615, §§ 662, 669.

The appellant also claimed that under the terms of the bond the plaintiffs were not entitled as matter of law to a deed of warranty. As the record stands this question is not material, but it should be noted that the effect of what the bond stipulated for was to furnish a title free from all encumbrances save those provided for, and the deed tendered did not meet this

requirement. The plaintiffs' right of action became complete when the appellant tendered the deed and it became apparent that he could not comply with the bond.

We regard the factual situation in the cases of *Rabinovitz* v. *Marcus,* and *LeWitt* v. *Park Ecclesiastical Society, supra,* as essentially similar in legal significance, to that in the present case, and the reasoning and decision in those cases, as furnishing adequate support for the judgment now appealed from.

There is no error.

In this opinion the other judges concurred.