## FRANCES GILMAN *v.* ENOK PEDERSEN

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued December 9, 1980—decision released January 13, 1981

*John S. Bennet,* for the appellant (defendant).
*Thomas F. McGarry,* for the appellee (plaintiff).

PETERS, J. This case involves a dispute between a buyer and a seller of a house under construction. The plaintiff, the buyer Frances Gilman, brought an action for return of her deposit and ancillary expenses against the defendant, the seller Enok Pedersen. The defendant filed, responsively, an answer, special defenses, and a counterclaim. After a trial to the court, judgment was rendered for the plaintiff on the first and second counts of her complaint, sounding in express and implied contract, and on the defendant's counterclaim. The plaintiff was awarded damages in the amount of her down payment, interest and costs, and the defendant has appealed.

The litigated controversy arises out of a written contract, dated December 11, 1976, in which the plaintiff agreed to buy for $140,000 a house then being constructed by the seller in Old Lyme. The contract required the seller to complete the house and to make certain specified changes. The contract required the buyer, in turn, to make a deposit of $13,500, and designated that sum as liquidated damages subject to forfeiture in the event of the buyer's default. The contract further provided, at the request of the defendant, a closing date of January 15, 1977.

It is undisputed that the defendant was unable to close the transaction on January 15, 1977, and that the parties agreed to postpone the closing, first to February 15, and then to February 25. On February 19, 1977, the plaintiff informed the defendant that she would not proceed with the purchase of the house because of defects in its construction. The plaintiff's concerns were substantiated by an inspection undertaken by Charles H. Leiper, an engineer, who reported multiple problems with the house, including many serious violations of the state building code. In early March, after the receipt of Leiper's written report, the plaintiff asked for a return of her down payment. The defendant subsequently, on March 9, procured a certificate of occupancy from the town of Old Lyme, and thereafter announced his readiness, willingness and ability to transfer title on April 29, 1977.

The defendant argues that the court erred in ordering him to return the plaintiff's deposit because the plaintiff's conduct amounted to an anticipatory repudiation of the contract of sale. This anticipatory repudiation, he maintains,

allowed the defendant to invoke the forfeiture clause contained in the contract. Since we disagree, as did the trial court, with the defendant's premise, we find no error.

The defendant's argument is premised on his characterization of the plaintiff's conduct on February 19, when she first notified him that she no longer wanted the house. This statement might have constituted an anticipatory repudiation; see, e.g., *Martin* v. *Kavanewsky,* 157 Conn. 514, 518–19, 255 A.2d 619 (1969); *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315, 318, 180 A. 464 (1935); *Wonalancet Co.* v. *Banfield,* 116 Conn. 582, 586, 165 A. 785 (1933); had the defendant's performance at that time been in substantial conformity with the requirements of the contract. This the plaintiff denies. In other words, what divides the parties is whether it was the plaintiff or the defendant who first repudiated his obligations under the contract of sale. Repudiation can occur either by a statement that the promisor will not perform or by a voluntary, affirmative act that indicates inability, or apparent inability, substantially to perform. See Restatement (Second), Contracts § 274 (Tent. Draft No. 8, 1973); Calamari & Perillo, Contracts (2d Ed. 1977) § 12-3. Repudiation is actionable only in the absence of breach or repudiation by the other contracting party; only a party himself not in default has the right to claim that the other party's manifestation of an intention not to perform constitutes a breach of the contract. *Trowbridge* v. *Jefferson Auto Co.,* 92 Conn. 569, 573, 103 A. 843 (1918); and see *Stavnezer* v. *Cooley,* 115 Conn. 452, 456, 161 A. 863 (1932).

On this crucial issue, the trial court's factual findings are fatal to the defendant's appeal. These

findings are subject to review in this court only to determine whether, in light of the evidence and the pleadings in the record as a whole, they are clearly erroneous. Practice Book, 1978, § 3060D; *Stelco Industries, Inc.* v. *Cohen,* 182 Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 219–20, 435 A.2d 24 (1980). There was ample credible evidence in the record, especially the testimony of the engineer, Leiper, and of the defendant's carpenter, Wilburt W. Phlomm, to support the finding of substantial default by the defendant. As of February 19, the house was substantially defective in many ways: there were violations of the building code, inadequate structural supports, sagging floors, and improperly installed windows and doors. The trial court could properly have found, furthermore, that the plaintiff had sufficient reason to doubt that these serious defects could be remedied by the time of the then contemplated closing date, only six days later, or within a reasonable time thereafter.

There is no error.

In this opinion the other judges concurred.