MICHAEL J. DALY III ET AL. v. BUCKINGHAM ROUTH CO.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

358

Argued December 10, 1980—decision released March 24, 1981

*Michael J. Daly III,* with whom was *William J. Larkin II,* for the appellants (plaintiffs).

*David D. Berdon,* with whom was *Stuart A. Margolis,* for the appellee (defendant).

ARMENTANO, J. The plaintiffs were the trustees of the Connecticut Plumbers and Pipe Fitters Pension Fund (hereinafter the pension fund) created by three consecutive collective bargaining agreements covering the time period between April 1, 1965, through March 31, 1972. The parties to these agreements were the New Haven Mechanical Contractors' Association (hereinafter the association) and Local #349 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (hereinafter the local). The defendant was a Connecticut corporation with its principal place of business in New Haven and alleged by the plaintiffs to be a member of the association.

These agreements bound participating members of the association to make contributions to the local's pension fund based on the total man-hours performed in particular tasks and within a defined

geographical area. The defendant made these contributions on behalf of its union employees and also contributed to the local's welfare fund on behalf of all its employees.

In order to keep a record of the contributions, the defendant monthly remitted to the local printed forms which listed each employee's name and social security number; the local union; and the amount of pension fund contributions, welfare fund contributions, or both, paid on behalf of each employee. Herman Hanke, the local's business manager for over sixteen years, inspected these printed forms and was aware, from as early as 1965, that the defendant contributed to both funds on behalf of members of the local, but only to the welfare fund on behalf of its nonunion employees. He routinely reported his observations to the plaintiffs.

In June, 1972, the plaintiffs began this action seeking an accounting and payment to the local of all pension fund contributions which the defendant had failed to contribute on behalf of its nonunion employees. In response to the defendant's discovery motions, the plaintiffs filed a list of the affected employees, for whom they claimed pension fund contributions were owing. After a trial to the court, judgment was rendered for the defendant. The court based its decision on six findings, each sufficient to sustain the trial court's decision. The six findings are listed: (1) the plaintiffs introduced no evidence that the affected employees' employment came within the local's "work and trade jurisdiction"; (2) the plaintiffs failed to sustain their burden of proving that the affected employees performed their jobs within the defined geographic area; (3) the theory of laches precluded any recov-

ery because of the plaintiffs' inexcusable delay in bringing the suit coupled with the prejudice to the defendant caused by that delay; (4) the inexcusable delay also indicated the plaintiffs' intent to abandon their rights or their negligence in failing to assert them, both sufficient to estop the plaintiffs; (5) the plaintiffs failed to prove that the defendant was a member of the association or, even if it were a member, that the association had the authority to bind the defendant on the promises in the agreements;, and (6) the agreements did not require pension fund contributions to be made on behalf of nonunion employees.

On appeal the plaintiffs claim that the court erred in each of its conclusions. Our resolution of the first issue is dispositive of this appeal and makes it unnecessary to consider the remaining five issues.

The three agreements bound association members to contribute to the pension fund on behalf of employees "working within the [local's] work and trade jurisdiction." The plaintiffs argued that this clause in the agreement applied to nonunion persons, as well as union members. Hanke testified that the local's work and trade jurisdiction included employment as plumbers or pipefitters. For instance, truck drivers did not fall within this jurisdiction, even if they were members of the local. On the other hand, the local's jurisdiction allegedly included nonunion plumbers employed by the defendant. The plaintiffs had the burden of proving that the affected employees were employed within the jurisdiction. The trial court found that they failed to meet this burden.

To test this finding, we must determine whether in light of the evidence and pleadings in the whole

record, it is clearly erroneous. It is not our function to determine whether the evidence could have led the trier of fact to a conclusion other than that actually found. Practice Book § 3060D; *Gilman* v. *Pedersen*, 182 Conn. 582, 585, 438 A.2d 780 (1981); *Stelco Industries, Inc.* v. *Cohen*, 182 Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 219–20, 435 A.2d 24 (1980).

We have examined the entire record and find no direct evidence describing the duties of the nonunion employees employed by the defendant.[1] The plaintiffs would have us infer those duties from the evidence that these employees were recruited only after the local was unable to provide sufficient members of its own membership to meet the defendant's employment requirements. Unless it is clear that no other interpretation is possible, such an inference must be made, if at all, by the trier of fact. *State* v. *Staples*, 175 Conn. 398, 407, 399 A.2d 1269 (1978); *Loh* v. *Town Plan & Zoning Commission*, 161 Conn. 32, 42–43, 282 A.2d 894 (1971). In this case, we will not infer a fact that the trial court, which was in the best position to view the evidence, did not find.

The trial court's conclusion that led to the plaintiffs' first claimed issue is not in error, and it is sufficient to sustain the court's decision.

There is no error.

In this opinion the other judges concurred.

---

[1] In fact, Hanke testified that the printed forms remitted by the defendant to the local listed names of employees clearly outside the local's work and trade jurisdiction. It was from these forms that he prepared the list of nonunion employees for whom pension fund contributions had not been made.