The plaintiffs in this action, Robert T. and Joan M. Koski, seek to recover the sum of $3000 given by them to defendant Peter Guille, d/b/a Pequot *Page 862 
Properties, as a deposit for the purchase of property owned by the defendant Kathleen N. Eyles. The facts found by the trial court may be summarized as follows: On December 3, 1977, the plaintiffs entered into a contract with the defendant Eyles to purchase a building lot on Collins Road, Stonington, and gave to her agent, defendant Peter Guille, d/b/a Pequot Properties, a deposit of $3000. The purchase agreement provided that, except for deed restrictions as to building plans and location and the retention by the seller of the right of first refusal on future sales, the seller would convey "marketable title by Warranty Deed free and clear of all liens and encumbrances on or before the 30th day of March 1978." The deed subsequently drafted by the defendant seller's husband, an attorney at law, contained additional "restrictions, limitations and conditions" pertaining to the property and its use. After the plaintiffs objected to these additional building and use restrictions, limitations and conditions in both the first drafted deed and its further revisions, the plaintiffs notified the defendants that they no longer wished to purchase the property. When the defendants declined to refund the $3000 deposit, the plaintiffs brought this action.
Reasoning that the defendant seller had breached the sales agreement by "insisting upon the added restriction [sic]," the trial court entered judgment directing that the plaintiffs recover of both defendants the amount of the deposit paid. The defendants have appealed to this court, contending that the trial court erred in finding a breach of contract prior to the time for performance stated in the contract. We do not agree with the defendants.
Anticipatory breach of contract occurs when a party communicates a definite and unequivocal manifestation of intent not to render the promised performance at the contractually agreed upon time. *Page 863 
Martin v. Kavanewsky, 157 Conn. 514, 518-19,255 A.2d 619 (1969); Yaffe v. Glens Falls Indemnity Co., 115 Conn. 375, 378, 161 A. 521 (1932); 4 Corbin, Contracts (Rev. Ed 1964) 973, p. 905. The manifestation of intent not to render the agreed upon performance may be either verbal or nonverbal; White v. Finch, 3 Conn. Cir. Ct. 138, 142, 209 A.2d 199 (1964); and is largely a factual determination in each instance.
The purchase and sale agreement entered into by the parties to this action obligated the defendant seller, with the exception of deed restrictions concerning building plans and location and reservation of the right of first refusal, to convey to the plaintiffs "a marketable title by Warranty Deed free and clear of all liens and encumbrances." The deeds proposed to the plaintiffs contained numerous deed restrictions, limitations and conditions in addition to those recited in the agreement entered into by the parties. "If one party to a contract, either wilfully or by mistake, demands of the other a performance to which he has no right under the contract and states definitely that, unless his demand is complied with, he will not render his promised performance, an anticipatory breach has been committed." 4 Corbin, op. cit 973, p. 910. The trial court specifically found that "(from the moment the seller submitted the deed containing the expanded restrictions the seller indicated an unwillingness to conform to the original contract provisions." Ample credible evidence appears in the record to support this finding of the court. See Gilman v. Pedersen,182 Conn. 582, 585, 438 A.2d 780 (1981).
The second count of the plaintiffs' complaint sought the return of the deposit upon the legal basis of a rescission of the contract by the seller and her agreement to return the deposit to the buyer. The trial court rendered judgment in favor of the plaintiff on both counts. Neither the trial court's *Page 864 
memorandum of decision nor the record supports the judgment for the plaintiffs on the second count. That notwithstanding, based on our conclusions relative to the first count, we find no error in the court's judgment.
[EDITORS' NOTE: We find no error in the court's judgment.]
In this opinion SHEA and DALY, Js., concurred.