[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RESPONSE TO DEFENDANT'S MOTION FOR ARTICULATION OF DECEMBER 17, 1987
The parties in this matter, following the signing of an agreement dated March 20, 1978, obtained a decree of dissolution on the same date. The decree recited the terms of the agreement, which the court approved and provided for a lump sum alimony payment of $100,000 and support payments, for each of the parties' two minor children in the amount of $100 per week.
In addition thereto, the agreement and decree provided for the children's college education as follows:
 And that the husband shall pay for each of the parties' minor children pursuing a college education the costs of room, board and tuition for such college and a reasonable amount for books and school supplies. The husband and wife shall mutually agree upon the college which the children attend. In any event, the husband's obligation for each child shall be for not more than four academic years.
The defendant has made no payment pursuant to the terms of this paragraph. He claims that the plaintiff has violated its terms because she failed to consult with him and therefore there is no "mutual agreement" as stipulated by the decree. He further claims that due to a substantial change in circumstances, namely, his becoming unemployed because of a change in careers, that he is unable to meet the mandate of the order concerning the children's college education, and has requested a modification of the decree to relieve him of that obligation.
The plaintiff has filed a motion for contempt.
The parties appeared before the court on October 13, 1987 at CT Page 2 which time an extensive hearing was held during which both parties testified.
The court found the defendant to be in arrears on the order in the sum of $14,417.21, being the amount of college expenses due for the parties' daughter Hayley who is enrolled as a freshman at the University of Rochester. At the request of the plaintiff, the defendant was not found to be in contempt, but was given 30 days in which to pay the present amount due on these expenses. It should be noted that the court found sufficient credible evidence to find the defendant's conduct sufficient to rise to the level of contempt. See Mays v. Mays, 193 Conn. 261 (1984).
The defendant's motion for modification was denied. The defendant has appealed from these orders and pursuant to Practice Book § 4051 has filed a motion for articulation. The issues in this matter are as follows:
 I. Is the defendant excused from performing under the terms of the decree concerning college education because there was no mutual agreement between the parties as to which college the parties' daughter Hayley was to attend?
 II. Is the defendant entitled to a modification of the college education payment order contained in the decree because of a substantial change of circumstances as alleged by the defendant?
 I. Is the defendant excused from performing because of no mutual agreement?
The court finds that the defendant is not excused from performing on two grounds.
A. There was ample credible evidence to find that the plaintiff did in fact attempt to reach an agreement with the defendant concerning the college their daughter was to attend. Through the daughter, the plaintiff wrote the defendant a letter on October 29, 1986 detailing her choice of colleges and again on December 24, 1986 through her attorney another letter was sent to the defendant. None of the responses from the defendant indicated any intention on his part to discuss or negotiate the college the daughter was to attend. The court finds that the plaintiff complied with the terms of this clause and the defendant did not. CT Page 3
B. Inasmuch as the terms of the dissolution decree embody those of the settlement agreement of the parties, the terms should be interpreted consistently with accepted contract principles.Marisco v. Marisco, 195 Conn. 491, 493 (1985).
It is clear to the court that the defendant's defense under this paragraph must fail because under the principle of contract law the defendant's breach of this portion of the agreement constituted an anticipatory breach. See Gilman v. Pedersen,182 Conn. 582, 584 (1981).
The defendant's responses to the plaintiff's overtures were simply that he could not afford college for the daughter (Tr. pp. 11, 12, 13, 20, 22, 24). In view of his out-right refusal to sanction the daughter's attendance at college, there was nothing further for the plaintiff to negotiate.
II. Is the defendant entitled to a modification of the decree with respect to the college education portion?
The defendant asserts that the court should terminate his obligation to pay college expenses because he now is unemployed and virtually unable to work because of illness except at certain occupations such as managing a general store. He also alleges that he now has no liquid or available assets to enable him to pay the order.
The background of the defendant's employment is as follows: At the time of the decree, the defendant was a self-employed dentist earning, by his own admission, a net income in excess of $62,000 annually, plus an unspecified amount which he was contributing to his pension and profit sharing plans. In 1985, the defendant asserts that he became a victim of "burn out" and voluntarily gave up the practice of dentistry. He thereupon moved to Vermont where he and his new wife acquired and ran a general store. The defendant claims that he has a mental illness which requires him to take lithium. He acknowledges, however, that he has been taking this drug for at least 13 years (Tr. p. 51). He further asserts that he is under the care of a psychiatrist although he has not seen him for 6 or 8 months (Tr. p. 51).
The court finds that the defendant voluntarily reduced his income from a net of at least $62,000 per year to zero, except for approximately $30,000 net which he receives from monies due CT Page 4 him from the sale of assets. The court finds that the defendant has an earning capacity of at least $62,000 net annually and has exhibited to the court no valid reason why he cannot earn this amount of income. See Schmidt v. Schmidt, 180 Conn. 184, 189
(1980); Miller v. Miller, 181 Conn. 610, 612 (1980).
The court also finds that despite the defendant becoming unemployed, his assets have in fact increased. At the time of the decree in 1978, the defendant's assets and liabilities as stated in his financial affidavit indicated a net liability of $94,138.
In 1985, the defendant sold his dental practice, the building housing his dental office, and his residence. The defendant received cash and notes for these assets approximately $577,000 less certain expenses (Tr., p. 84, 52). He claims he paid debts out of this totaling approximately $250,000. He nevertheless now acknowledges net assets of at least $403,000 (see defendant's financial affidavit of October 13, 1987).
The defendant claims that he is unable to meet the college expense order because although he has borrowed from his pension and profit sharing plan for the purchase of his house and general store, he cannot reach this resource of $350,000 for the payment of the order and should therefore be excused from paying it.
The court finds that there is no substantial change of circumstances warranting a modification of the present order.
The court specifically finds that the defendant's assets have in fact increased substantially. The court finds further that the defendant's assets may be reasonably reached by him to enable payment to be made on the order in question. Defendant, in addition to having income from the various loans outstanding to him has the ability to borrow on his home and if necessary to borrow from his pension plan. If this cannot be done without the imposition of a tax or penalty, the tax or penalty should be paid.
CT Page 1