[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION TO REARGUE
The above-captioned case comes before the court on the defendant's Motion to Reargue the court's ruling granting the plaintiff an attachment upon a finding of probable cause that he would recover $74,601.00 in profits lost when the defendant terminated his subcontract to perform masonry work at a project known as the Hall Memorial Library in Ellington.
At oral argument, counsel for the defendant explained that the basis for the Motion to Reargue was the absence of an express mention in the memorandum of decision of a letter sent by the plaintiff's legal counsel to the defendant with regard to the library subcontract. The motion appears to be, therefore, a motion to articulate, and the court supplements its ruling dated January 17, 1992 with the following articulation.
On June 10, 1991, the defendant ordered the plaintiff off the Wal-Mart project. In a letter dated June 13, 1991, Exhibit E, the defendant made the following notification to the plaintiff:
 This letter shall serve as notice of the immediate termination of your contract for the Hall Memorial Library project in Ellington, Connecticut.
 The basis for this action is your demonstrated inability to meet your contractural [sic] obligation on other projects involving this company. CT Page 5101
The court was not presented with evidence from which it could determine when this letter dated June 13, 1991 was received by the plaintiff. The defendant presented in evidence a letter dated June 12, 1991, signed by a lawyer who identified himself as counsel for the plaintiff. That letter (Ex. 10) contains the following statement: "[Mr. Scaffone] will not do the Hall Library job unless the Sam's Wholesale contract situation is resolved; he is afraid Orlando Annulli will refuse payments on that job because of claims on the Sam's Wholesale Club job."
The defendant contends that the above statement constitutes an anticipatory breach of the Hall Library subcontract. Exhibit 10 bears a facsimile transmission time and date of June 12, 1991 at 14:20. The court is unable to determine whether Exhibit 10 was received by the defendant before it sent Exhibit E to the plaintiff.
The court notes, however, that the statement set forth above must be interpreted in its context. The sentence that precedes the foregoing excerpt reads as follows: "Mr. Scaffone wishes to work out an amicable settlement of his Sam's Wholesale Club contract; and to complete the Hall Library contract for you." [emphasis supplied] The letter from plaintiff's attorney to the dependent concludes with an invitation to "discuss an overall settlement."
If, indeed, Exhibit 10 was received by the defendant before it sent Exhibit E to the plaintiff, the text of the defendant's reply suggests that the defendant did not, at that time, regard the June 12 letter as an actual declaration that the plaintiff would not perform, and, read as a whole, the June 12 letter seems to present a proposal to negotiate, not an unequivocal repudiation of the Hall Library subcontracts. If the defendant had truly understood the plaintiff's lawyer's letter as a repudiation, it would hardly have felt the need to issue the June 13 termination letter. It is noteworthy that the defendant did not offer assurances that it would pay the plaintiff for his work on the Hall Library job and not withhold payment as Scaffone feared.
The plaintiff had ample reason to fear that he would not be paid, or not be paid the full contract price, if he performed the Hall Library work. Further, the defendant's response on June 13 suggests that it had already determined before it received Exhibit 10 that it would not allow Scaffone to do the Hall Library job. As the Connecticut Supreme Court stated in Gilman v. Pedersen,182 Conn. 582, 584 (1981), only a party not himself in default has the right to claim that the other party's manifestation of an intention not to perform constitutes a breach of the contract. The defendant's conduct suggested a decision not to pay the CT Page 5102 plaintiff for work he performed at the library project.
The court finds that, under all the circumstances, the plaintiff established to the level of probable cause that the statement in the June 12 letter invoked by the defendant will not be held to have constituted a repudiation of the Hall Library contract that would operate to preclude his recovery. Having now articulated its analysis of the effect of the June 12 letter, the court makes no alteration to the disposition of the plaintiff's application for a prejudgment attachment of the defendant's property.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT